# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# <u>JACKSONVILLE DIVISION</u>

**In re:**

**CASE NO.: 19-03866-JAF**

**ERIC A. PETO and**
**MIRIAM S. PETO,**

    **Debtors.**
_____/

## <u>TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS</u>

Now comes, Gordon P. Jones, Trustee, by and though the undersigned counsel, and pursuant to Fed. R. Bankr. P. 4003, hereby objects to the Debtors' claim of exemptions and states:

1.  The Debtors, Eric A. Peto and Miriam S. Peto (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 10, 2019 (the "Petition Date").

2.  On the Petition Date, the Debtors filed a Schedule C claiming exempt personal property pursuant to Florida Statutes §§ 222.25(1) and 222.25(4) and Fla. Const. Art. X § 4(a)(2).

3.  The Trustee believes that values of the claimed exemptions reflected on the schedules are too low and exceed the amount to which the Debtors are entitled.

4.  The Debtors also filed a Schedule C claiming the following: (i) the Bankers Life and Casualty Company Whole Life Insurance Policy as listed on Line 31.1 of the Debtors' Schedule A/B; and (ii) Mutual of Omaha Whole Life Insurance Policy as listed on Line 31.2 of the Debtors' Schedule A/B as exempt pursuant to Florida Statute § 222.14 (collectively, the "Policies").

5. The Trustee objects to the Debtors' claim of exemptions in and to the Policies on the grounds and to the extent that the (i) the Trustee has not yet received and reviewed all of the documents to determine whether the Debtors are the owner of and the insured under or are the beneficiaries under such policies or whether the Policies are otherwise exempt under Florida law; (ii) whether, pursuant to Florida Statute § 222.29, the claimed exemptions resulted from a fraudulent transfer or conveyance as provided in Florida Statute § 726, *et seq.*; and/or (iii) pursuant to Fla. Stat. § 222.30, property was converted and transferred to said account by the Debtors, with the intent to hinder, delay or defraud a creditor.

WHEREFORE, the Trustee respectfully requests entry of an Order disallowing the Debtors' exemptions set forth above, and granting such further relief as may be deemed appropriate.

Respectfully submitted,

**JOHNSON LAW FIRM, P.A.**

/s/ Eugene H. Johnson

Eugene H. Johnson, Esq.
Florida Bar No. 0032105
Lauren W. Box, Esq.
Florida Bar No. 0106242
100 North Laura Street, Suite 701
Jacksonville, Florida 32202
(904) 652-2400 Telephone
(904) 652-2401 Facsimile
ehj@johnsonlawpa.com
lauren@johnsonlawpa.com

*Attorneys for Gordon P. Jones,*
*Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 20th day of December, 2019 a true and accurate copy of the foregoing has been furnished by mail to Eric A. Peto and Miriam S. Peto, 13990 Bartram Park Boulevard, Unit 605, Jacksonville, Florida  32258; and by CM/ECF electronic notice to T. Eileen Dolaghan, Esq., *Counsel for the Debtors*.

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.